**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| GoodEgg Stuff LLC, | § § | |
| Plaintiff, | § § | Case No. 26-cv-657 |
| v. | § § § | JURY TRIAL DEMANDED |
| Datian Jianchang Trading Co., Ltd., d/b/a Tizuxa Store; Datian County Qicai Clothing Shop, d/b/a DATIANSOFU; and Sanmingshi Sanyuanqu Chiyu Baihuo Shanghang, d/b/a Loxmene, | § § § § § § | |
| Defendants. | § | |

**VERIFIED COMPLAINT**

GoodEgg Stuff LLC ("GoodEgg" or "Plaintiff"), by and through undersigned counsel, hereby brings the present action against Defendants Datian Jianchang Trading Co., Ltd.; Datian County Qicai Clothing Shop; and Sanmingshi Sanyuanqu Chiyu Baihuo Shanghang (collectively, "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement brought under the provisions of the U.S. Patent Act, 35 U.S.C. §§ 1 *et seq*.

2.      Defendants have infringed and continue to infringe Plaintiff's U.S. Patent No. 12,453,337 ("the '337 Patent") by making, using, offering for sale, selling, and/or importing into the United States their egg brush products.

3.      Plaintiff GoodEgg Stuff LLC seeks recompense for Defendants' knowing and intentional infringement of the '337 Patent through monetary damages and permanent injunctive relief prohibiting further infringing activity by Defendants.

## THE PARTIES

4.    Plaintiff GoodEgg Stuff LLC is a Delaware limited liability company having a principal place of business at 8 The GRN, Suite B, Dover, Delaware 19901.

5.    On information and belief, Defendant Datian Jianchang Trading Co., Ltd. ("Jianchang") is a Chinese limited liability company with a principal place of business at Room 406, Building A, No. 3, Houban Yang, Junxi Town, Datian County, Fijuan Province 366100, People's Republic of China.

6.    Defendant Jianchang owns and operates an online storefront on Amazon.com under the name "Tizuxa Store."

7.    On information and belief, Defendant Datian County Qicai Clothing Shop ("Qicai") is a Chinese limited liability company with a principal place of business at No. 54 Shancheng Road, Junxi Town, Datian County, Sanming City, Fujian Province 366199, China.

8.    Defendant Qicai owns and operates an online storefront on Amazon.com under the name "DATIANSOFU."

9.    On information and belief, Defendant Sanmingshi Sanyuanqu Chiyu Baihuo Shanghang ("Chiyu") is a Chinese limited liability company with a principal place of business at No. 580-1, Liedong Street, Sanyuan District, Sanming City, Fujian Province 365000, China.

10.    Defendant Chiyu owns and operates an online storefront on Amazon.com under the name "Lomxene."

11.    On information and belief, Defendants are interrelated entities who are actively colluding in their infringement of the '337 Patent such that the damage to Plaintiff arises out of the same transaction or occurrence or series of transactions or occurrences. By way of example, the Infringing Products offered by each Defendant respectively is identical in all material aspects.

2

Defendants are represented by the same counsel and have previously filed substantially identical pleadings with the Court in the Western District of Washington. As such, Defendants are properly joined here.

## JURISDICTION AND VENUE

12.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each Defendant directly targets business activities toward consumers in the United States, including within the Western District of Texas, through at least its fully interactive, internet e-commerce store. Specifically, each Defendant has targeted sales to Texas residents by setting up and operating an e-commerce store that targets United States consumers, offers to ship to the United States, including Texas, accepts payment in U.S. dollars, and, on information and belief, has sold products featuring Plaintiff's patented technology to residents of the Western District of Texas. Defendants are committing tortious acts in Texas, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Texas.

14.    To confirm the above, counsel for Plaintiff conducted a test buy of the Infringing Products through Amazon, which were sold and shipped to counsel in this District.

## FACTUAL BACKGROUND
### *Origins of the GoodEgg Brush*

15.    GoodEgg was founded in 2023 by the husband-and-wife pair of Amy and Bryce Van Leuven of Riverton, Utah.

16. The Van Leuvens are homesteaders who have long had a passion for backyard animals and sustainable, local food. Among the Van Leuvens' backyard livestock are a flock of chickens that provides the Van Leuvens with a steady supply of fresh eggs.

17. While the Van Leuvens enjoyed the eggs produced by their chickens, they encountered an issue long known to chicken owners: fresh laid eggs are filthy. Eggs collected from home chickens are invariably covered in substances ranging from mud to feathers to animal feces and other bodily fluids.

18. As such, and having experienced first-hand the difficulty of hand-washing the eggs produced by their chickens, the Van Leuvens went in search of a solution to enable them to more quickly and efficiently clean their eggs.

19. Finding that the market lacked such a solution specifically tailored to eggs, the Van Leuvens set out to fill the void themselves. Bryce Van Leuven teamed with co-inventor Timothy Rowberry in 2021 to initiate the brainstorming and design phase, and after nearly two years of development, the GoodEgg brush was finally born.

20. After finally achieving what they had set out to create, Bryce Van Leuven, together with co-inventor Tim Rowberry, filed Provisional U.S. Patent Application No. 63/495,363 on April 11, 2023. On December 26, 2023, the pair filed U.S. Patent Application No. 18/396,595, which matured into U.S. Patent No. 12,453,337 on October 28, 2025.

### *Commercialization Efforts*

21. Shortly after they filed their provisional patent application, the Van Leuevens and Mr. Rowberry turned to crowdfunding to get their project off the ground.

22.     In July of 2023, the GoodEgg team published a campaign on Kickstarter.com featuring high quality, purpose-made marketing materials, including a 6-minute commercial showing off the design of the GoodEgg Brush and discussing its many benefits in great detail.[1]

23.     Over the span of just a few months, the GoodEgg campaign gained over 3,300 paying supporters from across the globe who helped bring the project to life.  In late November of 2023, the GoodEgg product officially began shipping to backers of the Kickstarter campaign. By December 20, 2023, fulfillment of the first run of GoodEgg Brushes was complete.

24.     The public reception of the first batch of GoodEgg Brushes was overwhelmingly positive, pushing the product and the brand to even greater heights.

25.     While fulfillment of the orders placed during the Kickstarter campaign was ongoing, the GoodEgg website, goodeggstuff.co, was officially launched to act as a home base for the GoodEgg brand.[2]

26.     While the launch of the GoodEgg Original Egg Brush in 2023 was a major success, the GoodEgg team had their sights set even higher.

27.     In Spring of 2025, the Van Leuvens and Mr. Rowberry were contacted by producers for the hit television show *Shark Tank* to pitch the GoodEgg brush to the "sharks" on national television.

28.     In the months that followed, the trio went to work perfecting their pitch, constructing their set pieces, and getting the business side of GoodEgg in order.

29.     The episode aired nationally on October 8, 2025 and featured guest "sharks" Chip and Joanna Gaines, who themselves are the stars of the hit HGTV show *Fixer Upper*.

---

[1] Available at https://www.kickstarter.com/projects/theoriginaleggbrush/goodegg-the-original-egg-brush. Last accessed March 12, 2026.
[2] Available at https://goodeggstuff.co/. Last accessed March 12, 2026.



*From Left to Right: Amy Van Leuven, Bryce Van Leuven, and Tim Rowberry appear on ABC's hit television show Shark Tank to pitch the GoodEgg brush[3]*

30.    At the conclusion of GoodEgg's pitch, the Gaines' ultimately invested $200,000 for a 20% stake in the trio's company.

31.    Following its feature on Shark Tank, the GoodEgg brand exploded in popularity. Today, GoodEgg Stuff LLC offers the GoodEgg brush in a variety of styles and quantities.

### Infringers Crowd the Market

32.    Just months after the massive success of the Kickstarter campaign, the GoodEgg team noticed a troubling new trend: the marketplace, including the Amazon.com marketplace platform, were being inundated with knockoff egg brushes utilizing GoodEgg's patented technology.

33.    Without making any of the same investments the GoodEgg team made in developing its patented product, these infringers were able to severely undercut the price of the Original GoodEgg Brush in order to attract consumers to their products rather than GoodEgg's genuine products.

---

[3] Drawn from https://abc.com/news/42f8a3cc-29b0-4610-925d-6289a0ffc350/category/2887649. Last accessed March 12, 2026.

34.    This development was noticed not only by the GoodEgg team, but also by patrons of the Kickstarter campaign:[4]



Pyroan
almost 2 years ago

Just found the same brush design, different manufacturer on Amazon for less than pledged.

Can't say that I don't feel a little cheated.

35.    As exemplified in the comment above, the infringers were not only cutting into GoodEgg's market share and profits—they were causing irreparable damage to the reputation and goodwill the GoodEgg team had worked so hard to earn among consumers.

### *Enforcement Efforts*

36.    As the infringement of its intellectual property continued to ramp up, GoodEgg embarked on an extensive enforcement campaign.

37.    At first, the GoodEgg team set out to take down infringing listings through Amazon's intellectual property complaint system. Success with this method was limited, and it became even more so as the infringers adapted and altered the aesthetics of their products.

38.    On information and belief, Amazon's IP enforcement team became increasingly hesitant to enforce GoodEgg's patent as the aesthetics of the infringers' designs drifted further from the look of the genuine GoodEgg products.

39.    While many infringers changed the aesthetics of their designs, each product continued to embody GoodEgg's patented technology.

---

[4] Available at https://www.kickstarter.com/projects/theoriginaleggbrush/goodegg-the-original-egg-brush/comments. Last accessed March 12, 2026.

40.    Left with no other option, GoodEgg filed a "Schedule A" suit in this District on August 5, 2025, seeking to enforce another of its duly granted patents, U.S. Pat. No. 12,089,567, against a slew of online infringers who, on information and belief, had colluded in their efforts to infringe GoodEgg's intellectual property rights. *See GoodEgg Stuff LLC v. The Partnerships and Unincorporated Associations Identified on Schedule A*, W.D. Tex. Case No. 6:2025-cv-00339.

41.    While the aforementioned suit was successful in removing a number of infringers from the market, still more remained. GoodEgg continued its enforcement efforts, including employing Amazon's Patent Evaluation Express (APEX) system to challenge infringers without needing Court intervention.

## THE INTELLECTUAL PROPERTY AT ISSUE

### *The Patent-in-Suit*

42.    The '337 Patent, entitled "Apparatus and Method for Egg Washing Brush," was duly and legally issued on October 28, 2025. Attached as Exhibit A is a true and correct copy of the '337 Patent.

43.    The '337 Patent matured from U.S. Patent Application No. 18,396,595, which claimed priority to U.S. Provisional Patent Application No. 63/495,363, also entitled "Apparatus and Method for Egg Washing Brush." The '595 Application was filed on December 26, 2023. Exhibit A at (22). The '363 Provisional Application was filed on April 11, 2023. Exhibit A at (60).

44.    As recorded with the U.S. Patent Office at reel/frame 71855/0786, inventors Timothy Rowberry and Bryce Van Leuven assigned all rights in the '363 Application and all future applications and patent stemming therefrom, including the right to collect all past and future damages, to GoodEgg effective September 17, 2024. Thus, GoodEgg is the lawful assignee of all right, title, and interest in and to the '337 Patent.

45.     The '337 Patent includes four independent claims, including Claims 1 and 19 which are directed toward the novel structure of an egg washing brush; Claim 10 which is directed toward a method for using such brush; and Claim 20 which is directed toward a method of cleaning such brush.

46.     The '337 Patent is valid and enforceable.

47.     At all times relevant, the owner of the '337 Patent and any assignee complied with the federal patent marking statute, 35 U.S.C. § 287(a).

## **DEFENDANTS' UNLAWFUL CONDUCT**

48.     Since at least as early as May of 2024, Defendant Jianchang has marketed and sold egg washer brushes through its Tizuxa Store storefront on Amazon.com.

49.     Defendant Jianchang sells its egg washer brushes in varying styles and quantities, including under at least the Amazon Standard Identification Numbers (ASINs) B0D3SZX5PW, B0D3T9K49P, B0DGL6W5HZ, B0F1NFC8XK, B0F1NDW4HW, and B0F1NCSSJ3.

50.     An exemplary image of Defendant Jianchang's egg washer brush products drawn from the product listing associated with ASIN B0D3SZX5PW[5] is reproduced below:

---

[5] Available at https://www.amazon.com/Silicone-Cleaner-Scrubber-Reusable-Cleaning/dp/B0D3SZX5PW?th=1. Last accessed March 12, 2026.

9



51.    Since at least March 16, 2024, Defendant Qicai has marketed and sold egg washer brushes through its DATIANSOFU storefront on Amazon.com.

52.    Defendant Qicai sells its egg washer brushes in varying styles and quantities, including under at least the Amazon Standard Identification Numbers (ASINs) B0DZ1Q5Q5H, B0DZ1PTS6Y,    B0CWGW4FX3,    B0DZ1PGB8C,    B0DZ1QBPMV,    B0CWGXNVM5, B0DXBB56FM, and B0DZ1P1L8H.

53.    An exemplary image of Defendant Qicai's egg washer brush products drawn from the product listing associated with ASIN B0CWGXNVM5[6] is reproduced below:

---

[6] Available at https://www.amazon.com/Silicone-Cleaner-Scrubber-Reusable-Cleaning/dp/B0CWGXNVM5?th=1. Last accessed March 12, 2026.



54.    Since at least March 13, 2025, Defendant Chiyu has marketed and sold egg washer brushes through its Lomxene storefront on Amazon.com.

55.    Defendant Chiyu sells its egg washer brushes in varying styles, including under at least the Amazon Standard Identification Numbers (ASINs) B0F6MND49W, B0DYVFC6XN, and B0DYVBYQ4B.

56.    An exemplary image of Defendant Chiyu's egg washer brush products drawn from the product listing associated with ASIN B0F6MND49W[7] is reproduced below:

---

[7] Available at https://www.amazon.com/dp/B0F6MND49W?ref=ppx_yo2ov_dt_b_fed_asin_title&th=1. Last accessed March 12, 2026.



57.    As is clear from the images above, the Infringing Products offered by each Defendant are identical to one another, and substantial similarities exist between each Defendant's marketing materials.

58.    As shown in the claim charts attached hereto as Exhibit B, Defendants' products meet every limitation of at least Claim 1 of the '337 Patent.

59.    Moreover, each Defendant has adopted packaging or instructions that actively induce consumers utilize the Infringing Products in ways that infringe the method claims of the '337 Patent, including but not limited to the following image drawn from the Amazon listing associated with ASIN B0D3SZX5PW:



60.     On information and belief, Defendants had actual knowledge of the '363 Application and/or '337 Patent for the duration of their infringing activities.

<u>**COUNT I**</u>
*Direct Infringement of the '337 Patent*
*35 U.S.C. § 271(a)*

61.     Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

62.     As shown in the claim charts attached hereto as Exhibit B, Defendants' egg brush products embody every element of at least Claim 1 of the '337 Patent.

63.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully infringed and continues to knowingly and willfully infringe at least Claim 1 of the

13

'337 Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent resale or use its egg washing brush products.

64. Defendants have profited by their infringement of the '337 Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

65. Defendants have infringed the '337 Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

66. Plaintiff is entitled to recover damages adequate to compensate for the infringement as appropriate pursuant to 35 U.S.C. § 284.

67. Plaintiff is entitled to interest and costs pursuant to 35 U.S.C. § 284.

68. Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

## COUNT II
### *Induced Infringement of the '337 Patent*
### *35 U.S.C. §271(b)*

69. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

70. Defendants have knowingly and willfully adopted packaging and/or instructions specifically directing consumers to utilize their egg brush products in ways that infringe at least Claims 10 and 20 of the '337 Patent, including but not limited to the image described in ¶ 56, *supra*.

71. Defendants adopted such packaging and/or instructions with knowledge of the '337 Patent and that the activities constituted infringement thereof.

14

72. Defendants have profited by their induced infringement of the '337 Patent, and Plaintiff has suffered actual harm as a result of Defendants' induced infringement.

73. Defendants have induced infringement of the '337 Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

74. Plaintiff is entitled to recover damages adequate to compensate for the infringement as appropriate pursuant to 35 U.S.C. § 284.

75. Plaintiff is entitled to interest and costs pursuant to 35 U.S.C. § 284.

76. Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

### COUNT III
*Contributory Infringement of the '337 Patent*
*35 U.S.C. § 271(c)*

77. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

78. Defendants have contributed and continue to knowingly and willfully contribute to infringement of the '337 Patent by selling egg brush products that represent a component for use in the patented methods of Claims 10 and 20 of the '337 Patent.

79. The egg brush products knowingly and willfully sold by Defendants constitute a material part of the invention described in Claims 10 and 20 of the '337 Patent and are especially made for such purpose.

80. There is no substantial non-infringing use for Defendants' egg brush products that does not read on the claims of the '337 Patent.

15

81. Defendants have profited by their induced infringement of the '337 Patent, and Plaintiff has suffered actual harm as a result of Defendant's induced infringement.

82. Defendants have contributed to infringement of the '337 Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

83. Plaintiff is entitled to recover damages adequate to compensate for the infringement as appropriate pursuant to 35 U.S.C. § 284.

84. Plaintiff is entitled to interest and costs pursuant to 35 U.S.C. § 284.

85. Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, GoodEgg respectfully requests that the Court enter judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

16

B.      Entry of an Order that, upon GoodEggs's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products;

C.      That GoodEgg be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate it for Defendants' infringement of the '337 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendants, pursuant to 35 U.S.C. § 284;

D.      That the amount of damages awarded to GoodEgg under 35 U.S.C. § 284 for infringement of the '337 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E.      That GoodEgg be awarded its interest and costs pursuant to 35 U.S.C. § 284; and

F.      That this Court award any and all other relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  March 19, 2026                                    Respectfully Submitted,

                                                        /s/  Joseph Hooper
                                                        Justin Poplin, WDTX #21598
                                                        Joseph Hooper, WDTX #77011
                                                        **AVEK IP, LLC**
                                                        7285 W. 132nd Street, Suite 340
                                                        Overland Park, KS 66213

17

Phone: 913.303.3840
jpoplin@avekip.com
jhooper@avekip.com
*Attorneys for Plaintiff*

## VERIFICATION

I, Timothy Rowberry, hereby declare and state that:

1.    I am an owner of GoodEgg Stuff LLC, and I am authorized to make this verification on behalf of GoodEgg Stuff LLC.

2.    I have read the forgoing Verified Complaint, and based on my personal knowledge, the factual allegations contained in the forgoing Verified Complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 13, 2026

_____
Timothy Rowberry

19